McGEHEE *v.* STATE.

Opinion delivered November 3, 1930.

606

*G. L. Grant,* for appellant.

*A. B. Cypert,* Prosecuting Attorney, *Fred A. Isgrig, George B. Pugh, J. H. Carmichael, Charles B. Thweatt* and *A. F. House,* for appellee.

KIRBY, J., (after stating the facts). It is insisted that the circuit court was without jurisdiction to hear the cause and that the testimony is not sufficient to support the verdict. It is true that the Supreme Court only can license attorneys to practice law in the courts of the State of Arkansas under the statutes now existing, § 598, C. & M. Digest, and amendatory act 32 of 1929. The court held in *Wernimont* v. *State ex rel Bar Association,* 101 Ark. 210, 142 S. W. 194, Ann. Cas. 1913D, 1156, that the power to disbar an attorney is inherent in all courts having authority to admit attorneys to the practice of law. The statute, however, now authorizes the circuit court to hear and determine disbarment proceedings and provides for a trial by jury. Sections 610-26, C. & M. Digest; *State ex rel.* v. *Huddleston,* 173 Ark. 686, 293 S. W. 353; *Maloney* v. *State, ante* p. 510.

The court also held that defendant in a disbarment proceeding was entitled to a trial by jury, that such proceedings were informal, and could be conducted in the name of the State by the prosecuting attorney or by any member of the bar required by the court to present the charges, which were to be heard according to the rules of practice adopted by the court, and not contrary to the procedure adopted by statute. It was also said that such power should be exercised with caution and only for reasons which would render the continuance of the attorney in practice "inimical to the just and proper administration of justice or subversive of the integrity and honor of the profession," and "if an attorney is guilty of unprofessional conduct, he is subject to suspension or disbarment by the court according to the degree of the moral turpitude evinced by such unprofessional conduct."

The statute, § 621, C. & M. Digest, also provides: "That in all cases of conviction, the court shall pronounce judgment of removal or suspension according to the facts found." In *State ex rel.* v. *Huddleston, supra,* the court held that the statute vests the trial court with discretion, either to remove or suspend the attorney, which

discretion should not be disturbed on appeal, save for its abuse.

The majority of the court is of the opinion that the court abused its discretion in pronouncing the judgment of removal—permanent disbarment—of appellant, from the practice of law under the facts of this record. The attorney had but recently been admitted to the practice, was grateful to his brother attorney, in whose office he read law and under whose instruction he was able to pass the bar examination, and in whose ability he had great confidence, had brought such clients to him for redress of their wrongs as he came in contact with or applied to him for advice and professional services. The suits were instituted by the experienced attorney, the fees were paid to him and he made division thereof, and also conferred with the witnesses about the proof that was necessary and could be produced on the hearing of the cases. There was no testimony tending to show that the appellant was appointed attorney for the nonresident defendant in this case at his own instance, and the positive statement of the witness, whose testimony is relied upon for the conviction, is that he refused to agree to testify that the plaintiff in the divorce suit was a resident of Pulaski County, and that he did not testify to any such fact, the court not inquiring of him on that point, and would not have done so had such inquiry been made. The affidavit of this witness, procured after the charges had been preferred and the refusal of the court to grant a continuance to appellant, that he might have opportunity to prepare for the trial, in which he had no notice until after the charges were filed, has little weight and is entitled to no consideration at all, having occurred long before the alleged unprofessional conduct and was admissible only to go to the credibility of the testimony of appellant, who denied having made any suggestive statements or suggested to the witness that his testimony should reflect anything but truth in the trial of the divorce case.

The majority is of opinion, therefore, that the court erred in rendering the judgment of disbarment, and

should not have rendered judgment of more than a temporary suspension from the practice beyond one year in extent, and on this account the judgment is modified to show such suspension and as modified will be affirmed. It is so ordered.

SMITH and HUMPHREYS, JJ., dissent from the modification.